IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DARRYL ARMSTRONG,           )
                            )
        Plaintiff,           )    No. 3:14-cv-02033
                            )    Judge Haynes
v.                          )
                            )
DAVIDSON COUNTY SHERIFF OFFICE )
MEDICAL DEPARTMENT,         )
                            )
        Defendant.           )

**MEMORANDUM**

Plaintiff, Darryl Armstrong, an inmate at the Davidson County Sheriff's Office Hill Detention Center, filed this *pro se* action under 42 U.S.C. § 1983 against Defendant, whom he identifies as "Davidson County Sheriff Office, Medical Department." (Docket Entry No. 1.)

According to his complaint's "Statement of Facts," Plaintiff alleges the following:

1. The Defendants has denied the Plaintiff constitutional right against inadequate medical treatment.

2. The Defendants did violate the Plaintiff equal protection - treatment component of the 14th Amendment.

3. The Defendants demonstrated a racis[t] and discriminating behavior against the Plaintiff in violation of the Constitution of this Great Country.

(Docket Entry No. 1, at 5.) Plaintiff does not describe how he has been harmed by the allegedly unconstitutional behavior, but he seeks damages in an unspecified amount.

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"). Under the PLRA, 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an

initial review of a civil complaint filed *in forma pauperis* and dismiss the complaint if it fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* at 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B).

The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). In considering whether a *pro se* prisoner's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). In addition, *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable § 1983 claim, Plaintiff must allege plausible facts of (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2002) (citations omitted).

Here, the "Davidson County Sheriff Office, Medical Department" is not a "person" who

may be subject to liability under 42 U.S.C. § 1983. The "Medical Department" is a unit within the Sheriff's Office.

Moreover, Plaintiff does not allege any facts to show how he might have been denied adequate medical care or subjected to discrimination, or suffered any harm by the alleged acts. The Court concludes that the allegations in Plaintiff's complaint are insufficient to state a claim for relief.

For these reasons, the Court concludes that Plaintiff's complaint fails to state a claim for which relief may be granted and this action should be dismissed.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 12 day of January, 2015.

WILLIAM J. HAYNES, JR.
United States District Judge