IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DARRYL ARMSTRONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:14-cv-02033 |
| DAVIDSON COUNTY SHERIFF'S OFFICE and C.C.S. CORRECT CARE SOLUTIONS, | ) ) Senior Judge Haynes ) |
| Defendants. | ) ) |

**MEMORANDUM**

Before the Court is a "Statement of Facts" (Docket Entry No. 13) filed by Plaintiff, Darryl Armstrong, an inmate in the custody of the Davidson County Sheriff's Office.

The Court previously granted Plaintiff's application to proceed *in forma pauperis* but dismissed Plaintiff's *pro se* civil rights complaint against the "Davidson Co. Sheriff Office Medical Department" (Docket Entry No. 1) on the basis that (1) the "Medical Department" is a unit of the Davidson County Sheriff's Office and not a "person" that may be subject to liability under 42 U.S.C. § 1983; and (2) Plaintiff failed to allege facts showing how he might have been denied adequate medical care or subjected to discrimination, or that he suffered harm as a result. (Docket Entry No. 3, at 2–3.) Plaintiff's Statement of Facts, construed as a Rule 59(e) motion, was filed less than 28 days after entry of judgment and is therefore timely.

In his amended statement of facts, Plaintiff states that the entity he originally identified as the "Medical Department" is actually "C.C.S. Correct Care Solutions," the company with which the Davidson County Sheriff's Office has contracted to provide medical care to inmates in the custody of the Sheriff's Office. Plaintiff appears to seek to amend his complaint to name as

defendants "Davidson County Sheriff's Office/Medical Department/C.C.S. Correct Care Solutions." (Docket Entry No. 13, at 1.)

The new filing also includes new factual details. Plaintiff alleges that, at the time he was booked on February 14, 2014, he had a severely wounded finger. The Court understands Plaintiff to allege that it was three days after booking before either the Davidson County Sheriff's Office sent him to C.C.S. or before C.C.S. sent him to Meharry Hospital to have his finger examined. In one place he states: "It wasn't until three days later that Davidson County Sheriff's finally took me to Meharry Hospital." (Docket Entry No. 13, at 3.) Later he states: "It wasn't until three days later that, Davidson County Sheriff's Office final took me too – C.C.S. Correct Care Solution, which is a part of Davidson County Sheriff's Office, finally took me too MeHarry Hospital." (*Id.* at 6.) He alleges that a doctor at Meharry told him that his index finger would have to be amputated as a result of the delay in obtaining medical treatment. (*Id.* at 3, 6.)

Plaintiff also alleges that an unnamed white woman at booking/intake unnecessarily and maliciously inflicted pain upon him by attempting to obtain a fingerprint from the injured finger, and that a white male Sheriff's Office employee told him: "'N' you['re] not getting any drugs." (*Id.* at 3.) The Court understands this to mean that Plaintiff was refused pain medication despite the severe injury to his finger.

The Court construes this filing as a timely Rule 59 motion as well as a post-judgment Rule 15 motion to amend the complaint and proposed amended complaint. For good cause shown, as discussed herein, the motion to amend the complaint and motion to alter or amend judgment (Docket Entry No. 13) will be granted. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint

even when the complaint is subject to dismissal under the PLRA."); *Brown v. Matauszak*, 415 F. App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)). The amended complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA").

For his claim under 42 U.S.C. § 1983, Plaintiff's allegations must satisfy two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. A pretrial detainee's rights are protected by the Fourteenth Amendment rather than the Eighth, but the standard is basically the same. *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005) ("Although the Eighth Amendment's protections apply specifically to post-conviction inmates, the Due Process Clause of the Fourteenth Amendment operates to guarantee those same protections to pretrial detainees as well.").

The Eighth Amendment has been specifically construed to prohibit the "unnecessary and wanton infliction of pain," *Gregg v. Georgia*, 428 U.S. 153, 173 (1976) (plurality opinion), and conduct repugnant to "evolving standards of decency," *Trop v. Dulles*, 356 U.S. 86, 101 (1958) (plurality opinion). While the Constitution "does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981), it does require humane ones, and it is clear that "the

treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The amendment imposes affirmative duties on prison officials to "assume some responsibility for [each prisoner's] safety and general well-being," and to "provide for his basic human needs," including medical care. *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 199–200 (1989).

Plaintiff, however, does not identify any individuals who may be liable for the deliberate indifference. Plaintiff mentions two Sheriff's Office employees who ignored his medical needs, but he does not identify these individuals or name them as defendants. The Davidson County Sheriff's Office is not a suable entity, but is a division of the Metropolitan Government of Nashville and Davidson County.

Defendant Correct Care Solutions, a private medical-care provider, may be subject to suit under § 1983 as the entity to which the obligation to provide medical care to individuals in state custody has been contractually delegated. *West v. Atkins*, 487 U.S. 42, 56 (1988) (holding that a private medical provider contracted to provide medical care to prisoners is a state actor for purposes of § 1983); *see also Street v. Corrs. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (holding that CCA acts under color of state law because it performs the traditional state function of operating a prison). However, C.C.S. cannot be liable solely on the basis that it employs a tortfeasor, because "[r]espondeat superior is not a proper basis for liability under § 1983." *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006). Instead, a private entity cannot be held responsible for an alleged constitutional deprivation unless there is a direct causal link between a policy or custom of the entity and the alleged constitutional violation. *Monell v.*

*Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Johnson v. Karnes*, 398 F.3d 868, 877 (6th Cir. 2005) ("Like a municipality, a government contractor cannot be held liable on a respondeat superior theory. . . . [A] private contractor is liable for a policy or custom of that private contractor. . . ."). Thus, to state a claim against an entity, a plaintiff must "identify the policy, connect the policy to the [entity] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)).

This is the law in the Sixth Circuit and every other circuit that has addressed the issue, but a panel of the Seventh Circuit has recently observed that the matter is deserving of "fresh consideration." *Shields v. Ill. Dep't of Corrs.*, 746 F.3d 782, 789 (7th Cir. 2014). That court noted that the Supreme Court has never directly considered the question of whether *Monell* applies to private corporations, and that "there are substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations." *Id.* at 790. Specifically, "[i]nsulating private corporations from respondeat superior liability significantly reduces their incentives to control their employees' tortious behavior and to ensure respect for prisoners' rights. The results of the current legal approach are increased profits for the corporation and substandard services both for prisoners and the public." *Id.* at 794. This Court is persuaded by this logic but is bound by Sixth Circuit precedent.

Here, Plaintiff's new allegations describe a plausible deprivation of rights secured by the Eighth and Fourteenth Amendments insofar as he alleges deliberate indifferent to his serious medical needs. Liberally construed, as required to evaluate a complaint, Plaintiff's factual

allegations suggest a policy by CCS in that three days passed after booking before Plaintiff could receive medical treatment for a serious medical condition. By that time, the damage to Plaintiff's finger had compounded. On this basis, the Court will allow the complaint, as amended, to proceed against the Defendant Correct Care Solutions.

An appropriate Order is filed herewith.

**ENTERED** this the 23rd day of March, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge