DARRYL ARMSTRONG,                        )
                                         )
    Plaintiff,        )
                                         )
                                         )       No. 3-14-2033
v.                                       )       Senior Judge Haynes
                                         )
CORRECT CARE SOLUTIONS, et al.,          )
                                         )
    Defendants.      )

## MEMORANDUM

On October 27, 2014, Plaintiff Darryl Armstrong, who at that time was an inmate in the custody of the Davidson County Sheriff's Office, filed this action under 42 U.S.C. § 1983 for a claim under the Eighth and Fourteenth Amendments for receiving inadequate medical care to his injured finger on February 14, 2014. On January 12, 2015,the Court granted Plaintiff's application to proceed *in forma pauperis*, but dismissed his complaint for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. (Docket Entry Nos. 3 and 4). After considering Plaintiff's timely filed Rule 59 motion and post-judgment Rule 15 motion to amend the complaint and proposed amended complaint, the Court granted Plaintiff's motions. (Docket Entry Nos. 14 and 15).

On March 23, 2015, the Court directed the Clerk to docket Plaintiff's amended complaint and instructed the Clerk to send Plaintiff a service packet for Defendant Correct Care Solutions. (Docket Entry No. 15). Plaintiff was informed that he must complete the service packet and return it to the Clerk's Office within 30 days of the date of receipt of the Court's Order. The Court warned Plaintiff that the failure to return the completed service packets within the time required could jeopardize his prosecution of this action, but advised that Plaintiff could request additional time for complying with the Order if necessary. Id. The Court also warned that his prosecution of this action

would be jeopardized if he failed to keep the Clerk's Office informed of his current address at all times. Id.

On April 20, 2015, the Clerk received Plaintiff's service packet. On April 24, 2015, the service packet was returned, informing Plaintiff that the parties submitted were not parties in this action. On May 4, 2015, Plaintiff's change of addressed was docketed. (Docket Entry No. 21). On October 29, 2015, noting that Defendants had not been served with the summons and complaint, the Magistrate Judge entered an Order directing Plaintiff to file with the Court within twenty (20) days of the date of entry of the Order a written explanation showing cause for his failure to serve Defendants within 120 days after the filing of the Complaint or risk possible dismissal of this action. (Docket Entry No. 22). The record reflects by Plaintiff's signature that Plaintiff received the Magistrate's Order (Docket Entry No. 24) by certified mail on or before November 9, 2015.

On December 9, 2015, the Magistrate Judge entered a Report and Recommendation (Docket Entry No. 25) to dismiss this action without prejudice because of Plaintiff's failure to comply with the Magistrate Judge's previous Order (Docket Entry No. 22). The Magistrate Judge's Report and Recommendation that was mailed by regular and certified mail was returned marked, "not deliverable to sender, unavailable to forward" and "unclaimed, unable to forward." (Docket Entry Nos. 27 and 28).

On January 6, 2016, the Clerk docketed a letter from Plaintiff stating, "The address has been wrong where my mail has been sent, the address was listed as 1830 Spring Branch Dr., Madison, TN 37115. The address where my mails has been sent was 1803 Spring Branch Dr. Madison, TN 37115." (Docket Entry No. 29). Plaintiff also requested an extension, but did not specify as to what.

Id. Plaintiff further requested that service packets be sent to his new address, 1723 10th Ave. North, Nashville, TN 37208. Id. at 2.

Before the Court is the Magistrate Judge's Report and Recommendation (Docket Entry No. 25) to dismiss this action without prejudice because of Plaintiff's failure to comply with the Magistrate Judge's previous Order (Docket Entry No. 22), requiring Plaintiff to file with the Court a written explanation showing cause for his failure to serve Defendants within 120 days after the filing of the Complaint or risk possible dismissal of this action. Plaintiff has not yet filed an objection.

Rule 4(m) of the Federal Rules of Civil Procedure provides: "If a defendant is not served within 120[1] days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Thus, absent a showing of good cause, the failure to serve timely a defendant mandates dismissal. Habib v. General Motors Corp., 15 F.3d 72, 73 (6th Cir. 1994). The plaintiff bears the burden to show good cause for failure to serve timely a defendant. Id. "Inadvertence or half-hearted efforts to serve do not constitute good cause." Harris v. City of Cleveland, 7 F. App'x 452, 456 (6th Cir. 2001) (citing Friedman v. Estate of Presser, 929 F.2d 1151, 1157 (6th Cir. 1991)).

---

[1]Although not relevant here, the Court notes that effective December 1, 2015, Fed. R. Civ. P. 4(m) was amended, requiring a plaintiff to serve a defendant within 90 days after the complaint is filed.

3

Additionally, upon motion of a defendant or the court, a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or any court order may warrant dismissal. Fed. R. Civ. P. 41(b); Schafer v. City of Defiance Police Dept., 529 F.3d 731, 736 (6th Cir. 2008).

The less stringent standards applied to pro se pleadings do not extend to pretrial orders or rules that do not require "some degree of legal training or, at least, familiarity with applicable legal principles." Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991). In Jourdan, the Court held that the relaxed pleading standards for pro se litigants do not apply to "readily comprehended court deadlines" and explained that "dismissal is appropriate when a pro se litigant has engaged in a clear pattern of delay." Id.

The Sixth Circuit employs a four-factor test for determining when dismissal under Rule 41(b) for failure to prosecute is appropriate:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999). "Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." Id.

Here, Plaintiff has failed to effect service within 120 days after his amended complaint was filed and has failed to show good cause for this failure. Thus, Plaintiff's amended complaint should be dismissed for failure to serve timely the Defendant under Rule 4(m).

Further, Plaintiff failed to comply with the Magistrate Judge's Order (Docket Entry No. 22) directing Plaintiff to file with the Court a written explanation showing cause for his failure to serve

Defendants. Ten months have passed since the filing of Plaintiff's amended complaint without the Defendant being served. The Court also notes that Plaintiff previously failed to keep the Court informed of his current address despite the Court's warning to do so. (Docket Entry No. 15). Under Fed. R. Civ. P. 5(b), service is effective upon mailing to the party's last known address. It is a party's responsibility to inform the Court of her address so as to enable the Court to inform all parties of matters arising in the litigation. Downs v. Pyburn, No. 3:87-0471 (M.D. Tenn. Order filed Sept. 4, 1987). Thus, the Court concludes that Plaintiff's amended complaint should also be dismissed under Rule 41(b) for failure to prosecute and comply with a court order.

Accordingly, for these reasons, the Court concludes that the Report and Recommendation (Docket Entry No. 39) should be set aside as moot and that this action should be dismissed under Fed. R. Civ. P. 4(m) and 41(b). As Plaintiff's § 1983 claim would now be barred by the one year statute of limitations, see Tenn.Code Ann. § 28–3–104(a) (one-year statute of limitations for § 1983 claims in Tennessee); Barnett v. Luttrell, 414 F. App'x 784, 787 (6th Cir. 2011); Young v. Tennessee Dep't of Corr., No. 1:15-CV-00050, 2015 WL 8492463, at *2 (M.D. Tenn. Dec. 10, 2015), any attempt to refile this action would be barred by the applicable statute of limitations, and thus, this action should be dismissed with prejudice.

An appropriate Order is filed herewith.

ENTERED this the ___21___ day of January, 2016.

WILLIAM J. HAYNES, JR.
Senior United States District Judge

5